

EOD
02/03/2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **MICHAEL O. PICKENS** | § | Case No. 16-40667 |
| xxx-xx-6482 | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |
| | | |
| JACK M. THOMAS, M.D. | § | |
| | § | |
| Plaintiff | § | |
| v. | § | Adversary No. 16-4063 |
| | § | |
| MICHAEL O. PICKENS | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OF DECISION REGARDING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT[1]**

ON THIS DATE the Court considered the Motion for Summary Judgment in Adversary Proceeding (the "Motion") filed by the Plaintiff, Jack M. Thomas, M.D. (the "Plaintiff" or "Thomas"), the response filed thereto by the Defendant, Michael O. Pickens (the "Defendant" or "Pickens"), and the Plaintiff's subsequent reply, all filed in the above-referenced adversary proceeding. The original complaint filed in this adversary proceeding claims that the debt allegedly owed to the Plaintiff by the Defendant should be

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or other evidentiary doctrines applicable to the specific parties in this proceeding.

declared nondischargeable as a debt procured by fraud under 11 U.S.C. § 523(a)(2)(A), as well as a debt arising from a "willful and malicious injury" under 11 U.S.C. § 523(a)(6). The Plaintiff's summary judgment motion addresses only his § 523(a)(2)(A) cause of action.

Upon due consideration of the pleadings, the proper summary judgment evidence submitted by the Plaintiff, and the relevant legal authorities, the Court concludes that the Plaintiff has failed to demonstrate that there is no genuine issue as to any material fact or that he is entitled to judgment as a matter of law on his cause of action under § 523(a)(2)(A) of the Bankruptcy Code. However, Thomas has successfully established certain facts pursuant to Fed. R. Civ. P. 56(g) that will not be subject to relitigation in this adversary proceeding. This memorandum of decision disposes of all issues before the Court.[2]

## Factual and Procedural Background[3]

In 2013, an authorized agent for the Defendant, Michael Pickens, solicited funds from the Plaintiff, Dr. Jack Thomas, for a 1% working interest investment in the drilling of the Nippert #1-4 oil and gas well in Blaine County, Oklahoma. Based upon the

---

[2] This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(I) and (O) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

[3] The facts presented are those the Court believes to be uncontested or are imposed by applicable provisions of claim preclusion. They are presented only as a general factual background to the legal claims asserted in the case. This section is not intended to resolve any disputed or contested facts.

information supplied and the representation that drilling on the designated well would begin in late January 2014, the Plaintiff tendered the requested $120,000.00 for the 1% interest. However, the drilling schedule was not met. In fact, the designated well was never drilled and the Defendant subsequently refused all demands from the Plaintiff for the reimbursement of his money.

On June 6, 2014, Thomas initiated legal action against Pickens before the 192nd Judicial District Court in and for Dallas County, Texas under cause no. 12-0373-B (the "State Court Litigation"), seeking a recovery of the tendered funds under various causes of action, including fraud and fraudulent inducement.[4] Pickens appeared through the filing of an answer in the state court suit on August 8, 2014.[5]

On November 13, 2014, Thomas filed a traditional motion for summary judgment in the State Court Litigation, seeking judgment on his claim for common law fraud and fraud in the inducement.[6] The motion was accompanied by an affidavit from Thomas, as well as relevant documentation, including references to certain deemed admissions which arose from unanswered requests for admission in that litigation. Pickens did not respond to the state court summary judgment motion. Following a properly noticed hearing on the

---

[4] *Plaintiff's Original Petition* set forth as *Exhibit A* in the Appendix to Plaintiff's Motion for Summary Judgment [dkt. #6].

[5] *Defendant's Answer* set forth as *Exhibit B* in the Appendix to Plaintiff's Motion for Summary Judgment [dkt. #6].

[6] *Plaintiff's Motion for Traditional Summary Judgment Against Michael Pickens* set forth as *Exhibit C* in the Appendix to Plaintiff's Motion for Summary Judgment [dkt. #6].

motion for summary judgment[7] conducted by the state court on December 9, 2014, which Pickens elected not to attend, the state trial court entered summary judgment (the "State Court Judgment") in favor of Thomas and ruled that Thomas was entitled to a judgment against Pickens for recovery of the $120,000.00, plus prejudgment interest in the amount of $3,057.84, court costs in the amount of $325.00, together with contingent attorneys' fees awards and post-judgment at the state rate of 5%.[8] The state court concluded that Thomas had "provided sufficient evidence to support each element of his common law fraud, fraudulent inducement, negligent misrepresentation, and money had and received causes of action against Defendant Michael Pickens" and that there were "not any issues of material fact regarding the same."[9] Pickens did not prosecute any appeal of the Final Judgment.[10]

---

[7] *Notice of Hearing* set forth as *Exhibit D* in the Appendix to Plaintiff's Motion for Summary Judgment [dkt. #6].

[8] *Final Judgment* set forth as *Exhibit E* in the Appendix to Plaintiff's Motion for Summary Judgment [dkt. #6].

[9] *Final Judgment* set forth as *Exhibit E* in the Appendix to Plaintiff's Motion for Summary Judgment [dkt. #6].

[10] This Court is thus precluded from hearing any complaint regarding the propriety of the Final Judgment by the *Rooker-Feldman* doctrine, which prevents lower federal courts from reviewing a state court decision when the issues raised in the federal court would be "inextricably intertwined" with a state court judgment and the federal court would, in essence, be called upon to review the state court decision. *Davis v. Bayless*, 70 F.3d 367, 375-76 (5th Cir. 1995) (*citing United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). A claim entertained by a lower federal court is "inextricably intertwined" with those addressed in the state court "whenever the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *In re Popkin & Stern*, 259 B.R. 701, 706 (B.A.P. 8th Cir. 2001) (*quoting Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir. 1997)); see also *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) [observing that "as we have noted in other cases, the *Rooker–Feldman* doctrine generally applies only where a plaintiff seeks relief that directly

As Thomas pursued post-judgment collection activities, Pickens filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court on April 8, 2016.[11] On June 6, 2016, Thomas filed a complaint to determine dischargeability of debt, claiming the indebtedness owed by the Defendant to the Plaintiff as evidenced by the State Court Judgment should be declared nondischargeable as a debt procured by fraud under 11 U.S.C. § 523(a)(2)(A) or, alternatively, a debt arising from a "willful and malicious injury" under 11 U.S.C. § 523(a)(6). The Debtor-Defendant filed an answer to the complaint.

On August 3, 2016, Thomas filed a motion for summary judgment on the first count of his nondischargeability complaint, the § 523(a)(2) claim, asserting that Pickens is collaterally estopped from relitigating the issue of whether Pickens committed fraud against Thomas because the state court summary judgment order established that the debt arose out of fraud.[12] Pickens objected to the motion, arguing that collateral estoppel does not apply because the summary judgment order cannot be considered a full and fair litigation of the issue, and that a pending state court appeal rendered the state court judgment voidable.[13]

*Summary Judgment Standards and Process*

---

attacks the validity of an existing state court judgment"]. The doctrine recognizes that "judicial errors committed in state courts are for correction in the state court systems" through the appellate process. *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986).

[11] *Voluntary Petition* filed by the Debtor on April 8, 2016 [dkt #1] in case no. 16-40667.

[12] Dkt #6.

[13] Dkt #14.

The Plaintiff brings his Motion for Summary Judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[14]

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion.[15] As a movant, a party asserting that a fact cannot be genuinely disputed must support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[16]

The operation of the summary judgment standard depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial is on the moving party, "that party must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if

---

[14] FED. R. CIV. P. 56(a).

[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[16] FED. R. CIV. P. 56(c).

not controverted at trial."[17]

If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary.[18] The substantive law will identify which facts are material.[19] In so demonstrating, the non-movant must show more than a "mere disagreement" between the parties,[20] or that there is merely "some metaphysical doubt as to the material facts."[21] Neither are unsubstantiated, conclusory assertions in the response sufficient to raise a genuine issue of material fact.[22] However, "[t]he issue of material fact which must be present in order to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."[23]

---

[17] *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *Timmer v. Michigan Dept. of Commerce*, 104 F.3d 833, 843 (6th Cir. 1997); *Thom v. State Farm Lloyds*, 10 F.Supp.2d 693, 698 (S.D. Tex. 1997).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[19] *Id.*

[20] *Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1413 (5th Cir. 1993).

[21] *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[22] *Jacobs v. City of Port Neches,* 7 F.Supp.2d 829, 833 (E.D. Tex.1998) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998)).

[23] *Anderson*, 477 U.S. at 248-49.

The record presented is reviewed in the light most favorable to the non-moving party.[24] "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"[25] Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[26] Essentially, if a non-movant fails to set forth specific facts that present a triable issue on any relevant issues, his claims should not survive summary judgment.[27] Indeed, "summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to [his] case on which [he] bears the burden of proof at trial."[28]

In this case, the Plaintiff bears the ultimate burden as to the nondischargeability of the debt. Therefore, the Plaintiff is entitled to a summary judgment only if there exists no genuine issue of material fact as to each essential element under § 523(a)(2)(A). The Plaintiff asserts that the principles of issue preclusion (collateral estoppel) resulting from the entry of the State Court Judgment provide the factual foundation necessary to support a finding of nondischargeability. In order to properly assess this claim, the Court must

---

[24] *Matsushita,* 475 U.S. at 587.

[25] *Id.* at 587, *citing First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968).

[26] *Anderson,* 477 U.S. at 248.

[27] *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 494 (5th Cir. 2001).

[28] *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *accord*, *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014).

first determine the applicability of the doctrine itself. If collateral estoppel applies, any material fact deemed established through the summary judgment procedure in the State Court Litigation due to the absence of any genuine dispute are binding on the parties and should not be disturbed here. The Court applies those undisputed facts established in the summary judgment procedure to the elements required to render that particular debt nondischargeable under the asserted subsections of § 523(a). Of course, if collateral estoppel does not apply, the Plaintiff's motion must be denied.

*Standards for Issue Preclusion (Collateral Estoppel)*

"Collateral Estoppel or, in modern usage, issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'"[29] In other words, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."[30] "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."[31]

---

[29] *Schiro v. Farley*, 510 U.S. 222, 232 (1994) (quotations omitted).

[30] *Montana v. U. S.*, 440 U.S. 147, 153 (1979) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979)).

[31] *Id*. at 153-54.

In the bankruptcy dischargeability context, "parties may invoke collateral estoppel in certain circumstances to bar relitigation of issues relevant to dischargeability" and satisfy the elements thereof.[32] In other words, when an issue that forms the basis for the creditor's theory of nondischargeability has been actually litigated in a prior proceeding, neither the creditor nor the debtor may relitigate those grounds.[33] While the doctrine of issue preclusion applies in bankruptcy dischargeability litigation, a bankruptcy court retains exclusive jurisdiction to determine whether a debt is dischargeable.[34]

The inquiry into the preclusive effect of a state court judgment is guided by the full faith and credit statute, which states that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."[35] Thus, federal courts look to the principles of issue preclusion utilized by the forum state in which the prior judgment was entered.[36] Because the judgment against the Defendant was entered in a Texas state court, this Court applies the Texas law of issue preclusion.[37]

Collateral estoppel under Texas law prevents the relitigation of identical issues of

---

[32] *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005) (quotations omitted).

[33] *RecoverEdge, L.P. v. Pentecost,* 44 F.3d 1284, 1294 (5th Cir. 1995).

[34] *Grogan v. Garner*, 498 U.S. 279, 284 n. 11 (1991).

[35] 28 U.S.C. § 1738 (1994).

[36] *Schwager v. Fallas (In re Schwager)*, 121 F.3d 177, 181 (5th Cir. 1997).

[37] *Pancake v. Reliance Ins. Co. (In re Pancake)*, 106 F.3d 1242, 1244 (5th Cir. 1997); *Gober v. Terra + Corp. (In re Gober)*, 100 F.3d 1195 (5th Cir. 1996).

law or fact that were actually litigated and were essential to the final judgment in a prior suit.[38] "The doctrine applies when the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit."[39] Specifically, a party is collaterally estopped from raising an issue under Texas law when: (1) the facts sought to be litigated in the second case were fully and fairly litigated in the first; (2) those facts were essential to the prior judgment; and (3) the parties were cast as adversaries in the first case.[40] "Once an actually litigated and essential issue is determined, that issue is conclusive in a subsequent action between the same parties."[41]

In the context of issue preclusion, the terms "issue" and "fact" are interchangeable. The purpose of the reviewing court is to determine the specific facts brought that were already established through full and fair litigation. As stated in *Fielder v. King (Matter of King),* 103 F.3d 17 (5th Cir. 1997):

> Issue preclusion will prevent a bankruptcy court from determining dischargeability issues for itself only if 'the first court has made specific, subordinate, factual findings on the identical dischargeability issue in question . . . and the facts supporting the court's findings are discernible from that court's record. Collateral estoppel applies in bankruptcy courts only if, *inter alia*, the first court has made . . . factual

---

[38] *Tex. Dept. of Public Safety v. Petta*, 44 S.W.3d 575, 579 (Tex. 2001).

[39] *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1991) (citing *Tarter v. Metropolitan Sav. & Loan Ass'n*, 744 S.W. 926, 927 (Tex. 1988)).

[40] *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984); *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 817 (Tex. App.– Dallas 2012, no pet.).

[41] *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985).

> findings on the identical dischargeability issue in question –
> that is, an issue which encompasses the same prima facie
> elements as the bankruptcy issue.[42]

Pickens argues that issue preclusion cannot be applied because there is a pending appeal with regard to the state court lawsuit. However, the pending appeal is not an appeal of the State Court Judgment entered on December 9, 2014. It is instead an appeal of a subsequent turnover order entered on February 8, 2016 – some 14 months after the entry of the State Court Judgment – as Thomas pursued post-judgment collection remedies.[43] The actual State Court Judgment is, therefore, not voidable because the time for appeal of the final judgment has long since passed. Errors within a judgment render such judgment voidable; a party may correct those errors only on direct attack. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). "When time for direct attack by appeal has elapsed, a bill of review in the court rendering the initial judgment is the exclusive remedy to attack the judgment." *Id.* (citing *Middleton v. Murff,* 689 S.W.2d 212 (Tex. 1985)). Here, the time for direct attack of the final state court judgment has passed. There is no evidence that Pickens has filed a bill of review in the state court regarding the State Court Judgment. Thus, the State Court Judgment is not voidable, it stands as a final judgment, and it supports the imposition of issue preclusion standards.

Though there is no relevant pending appeal, as the party asserting the preclusive

---

[42] *Id.* at 19 (citing *Dennis v. Dennis (Matter of Dennis),* 25 F.3d 274, 278 (5th Cir. 1994) (brackets and quotations omitted)).

[43] Ex. G. to Plaintiff's Motion at 3.

effect of the allegedly established facts arising from the State Court Litigation against Pickens, Thomas has the burden of proof on all elements of collateral estoppel. Such a prospect can become rather problematic when the underlying facts arise from a summary judgment context. While the summary judgment evidence presented by Thomas clearly establishes that the parties to the current dispute were also adversaries in the State Court Litigation and that consideration of material facts were essential to the entry of that judgment, it is incumbent upon Thomas to identify those undisputed material facts upon which the summary judgment was based and for which the principles of issue preclusion can be properly applied. However, this summary judgment record reveals an insurmountable barrier that prevents Thomas from fulfilling that obligation and which therefore precludes the rendition of a summary judgment based upon facts arising from the State Court Litigation.

Based upon the Court's careful review of the summary judgment evidence tendered to the state court, the listed material facts that are peculiarly relevant to a determination of nondischargeability based upon a debt procured by fraud or misrepresentation under § 523(a)(2)(A) of the Bankruptcy Code[44] were solely established

---

[44] "In order for the court to deny discharge of a debt under section 523(a)(2)(A) on the basis that the debt was procured by false pretenses or a false representation, the plaintiff must prove by a preponderance of the evidence that the debtor made representations that were (1) knowing and fraudulent falsehoods, (2) describing past or current facts, (3) that were relied upon by the other party." *Cardwell v. Gurley,* 2011 WL 6338813, at *6 (E.D. Tex., Dec. 19, 2011) (citing *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995)). To have a debt excepted from discharge pursuant to the "actual fraud" provision in § 523(a)(2)(A), an objecting creditor must prove that (1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained losses as a proximate result of the representations. *RecoverEdge L.P.*, 44 F.3d at 1293, *as modified by the United States Supreme Court decision of Field v. Mans*, 516 U.S. 59

in the State Court Litigation through the use of requests for admission. The only evidentiary alternative in that context would have been the sworn testimony of Thomas in support of the summary judgment motion. However, the Court notes that Thomas' sworn testimony, when referencing representations by Pickens and the requisite mental state with which such statements were made, Thomas offered that testimony only "upon information and belief."[45]

"In the context of a summary judgment affidavit, courts have uniformly held that affidavits which are based on the affiant's best knowledge and belief do not meet the strict requirements of Rule 166a [of the Texas Rules of Civil Procedure]—they must state facts, not belief." *Teixeira v. Hall*, 107 S.W.3d 805, 809 (Tex. App.—Texarkana 2003, no pet.) (citing *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex. 1996)). "Statements that are equivocal or are merely based on the affiant's 'best knowledge' constitute no evidence at all and are insufficient to raise a fact issue." *Hall v. Stephenson*, 919 S.W.2d 454, 466 (Tex. App.—Fort Worth 1996, writ denied). Thus, "[a]n affidavit based on information and belief is insufficient as verification by oath and its content is not factual proof in a summary judgment proceeding." *Wells Fargo Const. Co. v. Bank of Woodlake*, 645 S.W.2d 913, 914 (Tex. App.—Tyler 1983, no writ). Thus, the deemed admissions imposed upon Pickens due to his failure to answer Thomas' requests stand as the only evidence in the state court proceeding that established a foundation for fraud or

---

(1995) [regarding the proper standard of reliance].

[45] Exhibit 2 to *Plaintiff's Motion for Traditional Summary Judgment Against Michael Pickens* set forth as *Exhibit C* in the Appendix to Plaintiff's Motion for Summary Judgment [dkt. #6].

misrepresentation.

Yet collateral estoppel principles cannot be properly applied for matters deemed admitted under Tex. R. Civ. P. 198.3.[46] *Osteen v. Glynn Dodson, Inc.*, 875 S.W.2d 429, 431 (Tex. App.—Waco 1994, writ denied).[47] An identical limitation exists in federal practice under Fed. R. Civ. P. 36[48] and federal jurisprudence similarly concludes that a judgment based on an admission, as opposed to the admission itself, "cannot be used to estop relitigation of a factual question in a later proceeding . . . because, with regard to reliance upon deemed admissions . . . the 'actually litigated' requirement for application of the doctrine of collateral estoppel cannot be satisfied." *In re Cassidy*, 892 F.2d 637, 640 n.1 (7th Cir. 1990). See also *Hernandez v. Pizante* (*In re Pizante*), 186 B.R. 484, 489 (B.A.P. 9th Cir. 1995). Thus, for those facts established solely through the use of deemed admissions in the state court, the principles of collateral estoppel cannot be used to preclude the relitigation of those issues and, to the extent that the Plaintiff's Motion for

---

[46] As stated earlier, because the judgment against Pickens was entered in a Texas state court, this Court applies the Texas law of issue preclusion. Rule 198.3 of the Texas Rules of Civil Procedure states, in relevant part, that "[A]ny admission made by a party under this rule may be used solely in the pending action *and not in any other proceeding*. . . . TEX. R. CIV. P. 198.3 (emphasis added). *See also* Robert K. Wise, Katherine Hendler Fayne, *A Guide to Properly Using and Responding to Requests for Admission Under the Texas Discovery Rules*, 45 St. Mary's L.J. 655, 724 (2014) ["Texas Rule 198.3 also should prevent the use of a judgment in a later proceeding for collateral purposes where the judgment was based solely on an admission because such a judgment should no collateral estoppel effect under the Rule."].

[47] *Osteen* applied former Tex. R. Civ. P. 169(2), the predecessor of Rule 198.3. However, "[b]ecause Rule 198.3 is substantially similar to its predecessor Rule 169(2), we apply the cases construing the former rule." *Watson v. Dallas Indep. Sch. Dist.*, 135 S.W.3d 208, 215 (Tex. App. – Waco 2004, no pet.).

[48] Fed. R. Civ. P. 36(b) states, in relevant part, that "[a]n admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding" — language very similar to the text of Rule 198.3.

Summary Judgment seeks to demonstrate his entitlement to a summary judgment on the nondischargeability of the State Court Judgment under 11 U.S.C. § 523(a)(2)(A), the Plaintiff's motion must be denied.

*Issues Precluded from Relitigation*

Though the Plaintiff's Motion for Summary Judgment must be denied to the extent that it requests judgment as a matter of law on the Plaintiff's § 523(a)(2)(A) count, certain facts have been established that are germane to the Plaintiff's complaint. The following facts have been established in this proceeding, either through issue preclusion or through the auspices of Local District Court Rule CV-56,[49] and will not be relitigated at the trial of the adversary complaint:

1. In late 2013, Patrick O'Neil ("O'Neil"), acting on behalf of Michael O. Pickens ("Pickens") and Petroleum Exploration, LLC. ("Petroleum"), approached Jack M. Thomas, M.D. ("Thomas") seeking $120,000.00 in exchange for a 1% working interest in the Nippert #1-4 oil and gas well (the "Well") located in Blaine County,

---

[49] Local Rule of Bankruptcy Procedure 7056(d) specifically incorporates Local District Court Rule CV-56. That rule, in relevant part, directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence." It directs a respondent that any response "should be supported by appropriate citations to proper summary judgment evidence." With regard to the disposition of the motion, the rule states:

> (c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to determine whether the record contains an undesignated genuine issue of material fact for trial before entering summary judgment.

Thus, any failure to controvert the material facts set forth in the Plaintiff's motion and his failure to support such contentions by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the Plaintiff in this case "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c).

Oklahoma.

2. Shortly after their initial discussions, Thomas was provided with Petroleum's investment brochure detailing the mineral composition of the land upon which the Well was to be drilled, the Well's production projections, and how Thomas' investment would be allocated (the "Brochure").

3. O'Neil represented to Thomas that drilling for the Well would begin no later than January 25, 2014.

4. Based on the Brochure and representations by O'Neil and Pickens, on December 26, 2013, Thomas contributed $120,000.00 to Petroleum and executed the Petroleum Exploration, LLC, Nippert #1-4 Operating Agreement and Nippert No. 1-4 NE Carleton Field Phase #1 Project Agreement (collectively, the "Agreements").

5. Pursuant to the Agreements, Petroleum "covenant[ed] that drilling will begin on or before January 25, 2014, subject to events beyond the control of the operator. . . ."

6. This representation regarding the commencement of drilling operations was material in Thomas' decision to invest in Petroleum, and without which, Thomas would not have invested.

7. Petroleum failed to begin drilling for the Well on or before January 25, 2014.

8. O'Neil and Pickens claimed that bad weather had delayed drilling, but that drilling would begin before March 31, 2014.

9. Petroleum failed to begin drilling for the Well on or before March 31, 2014.

10. On June 6, 2014, Thomas filed a lawsuit against Pickens and others in the 192nd Judicial District Court in and for Dallas County, Texas which was styled *Jack M. Thomas, M.D. v. Petroleum Exploration, LLC, Michael Pickens and Patrick J. O'Neil*, seeking recovery of the $120,000 under theories of breach of contract, money had and received, negligent misrepresentation, fraud and fraudulent inducement (the "State Court Litigation").

11. On August 8, 2014, Pickens appeared in the State Court Litigation through the filing of an answer.

12. On November 13, 2014, Thomas filed a Motion for Traditional Summary

      Judgment in the State Court Litigation.

13. Following a properly noticed hearing, the 192nd Judicial District Court granted Thomas' summary judgment motion on December 9, 2014.

14. Pursuant to that certain *Final Judgment* entered on December 9, 2014, by the 192nd Judicial District Court of Dallas County, Texas, the Defendant, Michael O. Pickens, owes a debt to the Plaintiff, Jack M. Thomas, M.D., in the amount of $123,382.84, plus post-judgment interest at the rate of 5% per annum from December 9, 2014.

15. Thomas and Pickens were cast as adversaries in the State Court Litigation.

16. The *Final Judgment* entered against Michael O. Pickens on December 9, 2014 by the 192nd Judicial District Court of Dallas County, Texas is now a final judgment.

17. The judgment debt owed by Pickens to Thomas as evidenced by the *Final Judgment* remains unpaid.

## Conclusion

Based upon the Court's consideration of the pleadings, the evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court finds that Plaintiff's Motion for Summary Judgment in the above-referenced adversary proceeding must be granted in part and denied in part. Thomas failed to demonstrate entitlement to judgment as a matter of law regarding the nondischargeability of the judgment debt (or any portion thereof) owed to it by the Debtor, Michael O. Pickens, and significant genuine issues of material fact regarding the role of the Debtor in the controversy remain. Thus, the claims of nondischargeability under §§ 523(a)(2)(A) and (a)(6) asserted by the Plaintiff must be determined through a trial on the merits. Summary judgment as to the relief sought by the Complaint must therefore be denied.

Some material factual issues, however, have been established through the summary judgment evidence tendered to the Court. Thomas is therefore entitled to a partial summary judgment pursuant to Rule 56(g) on some factual issues. An order consistent with this opinion shall be entered.

Signed on 02/03/2017

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE